IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

ENTERED
12/07/2015

| | | |
|---|---|---|
| IN RE | ) | |
| | ) | |
| MEP R&H, INC., | ) | CASE NO. 15-32043-H3-7 |
| | ) | |
| Debtor, | ) | |
| | ) | |

<u>MEMORANDUM OPINION</u>

The court has held an evidentiary hearing on the
"Application for Allowance and Payment of Administrative
Expense Claim of Stealth Holdings II, LLC" (Docket No. 92).  The
following are the Findings of Fact and Conclusions of Law of the
court.  A separate Judgment will be entered granting the instant
application in part.  To the extent any of the Findings of Fact
are considered Conclusions of Law, they are adopted as such.  To
the extent any of the Conclusions of Law are considered Findings
of Fact, they are adopted as such.

<u>Findings of Fact</u>

MEP R&H, Inc. ("Debtor") filed a voluntary petition
under Chapter 7 of the Bankruptcy Code on April 8, 2015.  Ronald
J. Sommers ("Trustee") is the Chapter 7 Trustee.

On the petition date, Debtor occupied, <u>inter</u> <u>alia</u>, real
property located in Broussard, Louisiana, (the "Broussard
Facility") pursuant to a lease.

The lease provides in pertinent part:

2.3  <u>Payment of Rentals</u>:  This Lease is made for and in consideration of monthly rent payable in advance and without demand on the 1st business day of each month.

(Stealth Exhibit 1).

On April 24, 2015, Trustee filed a motion to employ Plant & Machinery, Inc. ("PMI") as the estate's auctioneer, and to sell the Debtor's vehicles, equipment, and other personal property.  (Docket No. 21).

Trustee testified that he requested that PMI personnel go to the Broussard Facility, and determine what, if any, assets were saleable.  He testified that he believed he knew what property was in the Broussard Facility.

On May 1, 2015, while Trustee's motion to employ auctioneer and sell property remained pending, Trustee filed an emergency motion seeking to destroy Debtor's business records at the Broussard Facility, and to abandon all non-saleable property.  (Docket No. 27).  The motion was amended on May 5, 2015.  (Docket No. 32).  The amended motion was set for hearing on May 7, 2015.

At the hearing on May 7, 2015, Trustee testified that the saleable personal property had been removed from the Broussard Facility.  He testified that some computer equipment, file cabinets, office furniture, and Debtor's paper records remained at the Broussard Facility.

At the conclusion of the hearing on May 7, 2015, the

court granted Trustee's motion to destroy Debtor's business records and abandon the non-saleable property.  The order granting the motion provides in pertinent part that the Trustee is authorized to destroy the Debtor's paper records, and abandon all personal property.  (Docket No. 35).

Trustee's motion to employ auctioneer and sell property was granted by order entered on May 22, 2015.  (Docket No. 47).

Trustee testified that he directed representatives of PMI to take possession of the personal property Trustee intended to sell, and bring it to Houston, Texas for an auction sale.  He testified that PMI completed its removal of the personal property from the Broussard Facility on or before May 15, 2015.

On June 5, 2015, Trustee filed a motion to reject Debtor's lease of the Broussard Facility, retroactively to May 10, 2015.  (Docket No. 59).  Stealth Holdings II, LLC ("Stealth") filed a limited objection to the motion to reject, asserting that retroactive rejection was inappropriate.  (Docket No. 63).  The motion to reject was set for hearing on July 28, 2015.  At the hearing, the parties announced an agreement, and an order was entered granting the motion to reject.  The order granting the motion to reject provides in pertinent part that the lease of the Broussard Facility is rejected, and that the order does not

determine the rejection date of the lease.[1]  (Docket No. 79).

In the instant application, Stealth seeks allowance of $19,676.25 as an administrative expense, consisting of $4,939.73 in rent due for the balance of May, 2015; $7,291.67 in rent due for June, 2015; $1,444.85 for "May and June CAM/pass through charges"; and $6,000.00 for "Disposal of estate property." (Docket No. 92).

Trustee argues that the court should determine that the lease was retroactively rejected, or alternatively, that the administrative expense should be limited to that which provided a benefit to the bankruptcy estate.

<u>Conclusions of Law</u>

Section 503(b)(1)(A) of the Bankruptcy Code provides for allowance of administrative expense priority for "the actual, necessary costs and expenses of preserving the estate." 11 U.S.C. § 503(b)(1)(A).

The burden of proof in claiming an administrative expense priority rests with the claimant.  <u>See</u> <u>Ford Motor Credit Co. v. Dobbins</u>, 35 F.3d 860 (4th Cir. 1994); <u>In re Mid Region Petroleum, Inc.</u>, 1 F.3d 1130 (10th Cir. 1993); <u>In re La Electronica, Inc.</u>, 995 F.2d 320 (1st Cir. 1993).

Section 365(d)(3) of the Bankruptcy Code provides:

---

[1]The order does provide that the date of rejection shall under no circumstances be determined to be later than July 28, 2015.

> (3) The trustee shall timely perform all the
> obligations of the debtor, except those specified in
> section 365(b)(2), arising from and after the order for
> relief under any unexpired lease of nonresidential real
> property, until such lease is assumed or rejected,
> notwithstanding section 503(b)(1) of this title.  The
> court may extend, for cause, the time for performance
> of any such obligation that arises within 60 days after
> the date of the order for relief, but the time for
> performance shall not be extended beyond such 60-day
> period.  This subsection shall not be deemed to affect
> the trustee's obligations under the provisions of
> subsection (b) or (f) of this section.  Acceptance of
> any such performance does not constitute waiver or
> relinquishment of the lessor's rights under such lease
> or under this title.

11 U.S.C. § 365(d)(3).

Prior to the enactment of Section 365(d)(3), the bankruptcy estate's liability for unpaid rent was limited to the reasonable value to the estate of the actual occupancy and use of the property.  In re Simbaki, Ltd., 2015 WL 1593888 (Bankr. S.D. Tex. 2015), citing In re Braniff Airways, Inc., 783 F.2d 1283 (5th Cir. 1986).

The majority of courts interpreting Section 365(d)(3) of the Bankruptcy Code hold that the lessor has "automatic" administrative expense treatment, independent of Section 503(b), for the amount called for by the lease.  In re Simbaki, Ltd., 2015 WL 1593888 (Bankr. S.D. Tex. 2015), citing Towers v. Chickering & Gregory (In re Pac.-Atl. Trading Co.), 27 F.3d 401 (9th Cir. 1994); In re Worths Stores Corp., 135 B.R. 112 (Bankr. E.D. Mo. 1991); In re Pudgie's Dev. Of NY, Inc., 202 B.R. 832 (Bankr. S.D.N.Y. 1996); and In re Amber's Stores, Inc., 193 B.R.

5

819 (Bankr. N.D. Tex. 1996).

The debtor's obligations must be performed at the time required in the lease.  In re Appletree Markets, Inc., 139 B.R. 417 (Bankr. S.D. Tex. 1992).

In the instant case, the estate's obligation to pay rent under the lease of the Broussard Facility arose on the first day of each month.  Thus, the estate is liable for an administrative expense consisting of the May and June rent and CAM charges.

As to the $6,000.00 sought for disposal of estate property, Stealth argues that equitable considerations require the allowance of this expense.  Stealth cited no authority for that proposition, and presented no evidence to support its $6,000 figure.

As to Trustee's argument that the lease should be deemed rejected retroactively, Trustee cites considerations of the timing of filing of the motion to reject, prompt action in seeking a hearing, whether the debtor occupied the leased premises, and the creditor's motive in opposing a retroactive lease rejection date, citing Pac. Shores Dev., LLC v. At Home Corp. (In re At Home Corp.), 392 F.3d 1064 (9th Cir. 2004). Although this court has not decided the question of whether retroactive rejection is permissible, application of the considerations cited by Trustee to the instant case do not

support a result of a date of rejection prior to June 5, 2015, the date on which the motion to reject was filed.  Because Stealth does not seek rent for a date later than June, 2015, the court need not determine the precise date on which the lease of the Broussard Facility was rejected.

Based on the foregoing, a separate Judgment will be entered granting in part the "Application for Allowance and Payment of Administrative Expense Claim of Stealth Holdings II, LLC" (Docket No. 92).

Signed at Houston, Texas on December 7, 2015.


LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE